## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EARNESTINE EVANS,                    )
                                     )
                    Plaintiff,       )
                                     )
vs.                                  )        Case No. 17-1250-EFM-KGG
                                     )
UNITED STATES AUTOMOBILE             )
ASSOCIATION,                         )
                                     )
                    Defendant.       )
_____)

## ORDER ON MOTION TO PROCEED
## WITHOUT PREPAYMENT OF FEES

In conjunction with her federal court Complaint (Doc. 1), Plaintiff

Earnestine Evans has also filed a Motion for Leave to Proceed *In Forma Pauperis*

(Doc. 3, sealed) with an accompanying financial affidavit (Doc. 4, sealed). After

review of Plaintiff's motion, as well as her Complaint, the Court **GRANTS** her

*IFP* application.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of

an action without prepayment of fees, costs, etc., by a person who lacks financial

means. 28 U.S.C. § 1915(a). "Proceeding in forma pauperis in a civil case 'is a

privilege, not a right – fundamental or otherwise.'" ***Barnett v. Northwest School***,

No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting ***White v.***

***Colorado***, 157 F.3d 1226, 1233 (10th Cir. 1998)). The decision to grant or deny *in*

*forma pauperis* status lies within the sound discretion of the court. **Cabrera v. Horgas**, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In her supporting financial affidavit, Plaintiff indicates she is 60 years old and separated with no dependants. (Doc. 4, sealed, at 1-2.) She lists no current or prior employment. (*Id*., at 2-3.) She and her estranged spouse own no real property and she does not own an automobile. (*Id*., at 3, 4.)

Plaintiff lists no cash on hand but receives a modest amount of monthly government benefits. (*Id*., at 4.) She lists groceries as her only monthly expense. (*Id*., at 5.) She previously filed for bankruptcy. (*Id*. at 6.)

Considering all of the information contained in her financial affidavit, the

Court finds that Plaintiff, whose only income is government assistance, has established that her access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis.* (Doc. 3, sealed.)

       **IT IS THEREFORE ORDERED** that Plaintiff's motion to proceed *IFP* (Doc. 3, sealed) is **GRANTED**.

       **IT IS SO ORDERED**.

       Dated at Wichita, Kansas, on this 13th day of October, 2017.

                          s/ KENNETH G. GALE

                          KENNETH G. GALE

                          United States Magistrate Judge